1  C. Christine Maloney (SBN 226575)
   Carmen Ruda (SBN 269879)
2  JACKSON LEWIS LLP
   199 Fremont Street, 10th Floor
3  San Francisco, California  94105
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail:  maloneyc@jacksonlewis.com
5  E-mail:  rudac@jacksonlewis.com

6  Attorneys for Defendants,
   COUNTY OF SONOMA and JULIE PAIK
7

8              UNITED STATES DISTRICT COURT FOR

9              THE NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11

12  THEODORE NELSON,                      Case No.  CV 11 2967

13           Plaintiff,

14      v.                                NOTICE OF REMOVAL TO FEDERAL
                                          COURT [28 U.S.C. § 1331]
15  COUNTY OF SONOMA, JULIE PAIK, and
    DOES 1 through 25, inclusive,
16
             Defendants.
17

18  TO THE CLERK OF THE ABOVE ENTITLED COURT:

19       PLEASE TAKE NOTICE that Defendants COUNTY OF SONOMA and JULIE PAIK

20  (hereinafter "Defendants") hereby remove to this Court the state court action described below.

21       1.     On May 6, 2011 an action was commenced in the Superior Court of the State of

22  California in and for the County of Sonoma, entitled THEODORE NELSON, Plaintiff, v.

23  COUNTY OF SONOMA, JULIE PAIK, and DOES 1 through 50, inclusive, Defendants, as Case

24  No. SCV 249627.  The Complaint contains the following causes of action against the Defendants:

25  (1) Violation of 42 USC Section 1983 – Right to Due Process; (2) 42 USC Section 1983 – Right

26  to Free Speech; (3) Gender Discrimination – Cal. Govt. Code Section 12940; and (4) Retaliation

27  – Cal. Govt. Code Section 12940(h).  A true and correct copy of the Summons, Complaint, and

28  other paperwork served on Defendants is attached hereto as Exhibit A.

2.     This is a civil action for which this Court has original subject matter jurisdiction based on 28 U.S.C. § 1331 in that the First and Second Causes of Action are based upon a federal statute (42 U.S.C. §1983) and portions of the Constitution of the United States.  Plaintiff's remaining causes of action are brought under California law and are removable pursuant to 28 U.S.C. §1441(c).

3.     Removal of this action to federal court is proper pursuant to 28 U.S.C. §1441(b) which provides that a civil action over which the federal court has original jurisdiction is removable without regard to the citizenship of the parties.

4.     This Notice of Removal has been timely filed under 28 U.S.C. Section 1446(b) because it was filed within thirty days after the receipt by Defendants of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.

5.     The first date upon which Defendant County of Sonoma received a copy of the Complaint was May 17, 2011, when a copy was personally served upon the Clerk of the Board of Supervisors.  The first date upon which Defendant Paik received a copy of the Complaint was May 17, 2011, when a copy was personally delivered to her workplace.

6.     On June 15, 2011, Defendants filed an Answer to the Complaint in the Sonoma County Superior Court.  A true and correct copy of Defendants' Answer is attached as Exhibit "B."

7.     No further proceedings have occurred in the state action, other than the filing of the Complaint and Answer.  The parties have not exchanged discovery requests.

8.     Venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. Section 1391(a) and 1441(a) because the state court action was filed in Sonoma County, a County within this District, and this is the judicial district in which the action arose.  Because the action arose in Sonoma County, it should be assigned to the San Francisco or Oakland divisions of this Court pursuant to Civil Local Rule 3-2(d).

9.     For all the foregoing reasons, this Court has jurisdiction over this matter under 28 U.S.C. sections 1331 and 1441.

WHEREFORE, Defendants pray that the above action now pending against them in the

2

1 | Superior Court for the State of California, County of Sonoma, be removed to this Court.

2 |                               Respectfully submitted,

3 | Dated:  June 16, 2011                     JACKSON LEWIS LLP

By: _____
C. Christine Maloney
Carmen Ruda
Attorneys for Defendants
COUNTY OF SONOMA and JULIE PAIK

4846-1466-0361, v. 1

✎ JS 44   (Rev. 12/07) (CAND Rev I/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Theodore Nelson | County of Sonoma; Julie Paik |

**(b)** County of Residence of First Listed Plaintiff  Sonoma County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     Sonoma County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

J. Wynne Herron, Herron & Herron
18360 Sonoma Highway
Sonoma, CA  95476
(707) 933-4430

Attorneys (If Known)

C. Christine Maloney, Jackson Lewis, LLP
199 Fremont St., 10th Floor
San Francisco, CA  94105
(415) 536-6307

*E-filing*

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS—Third Party | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | 26 USC 7609 | ☐ 900Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | | Determination |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | to Justice |
| | Other | | Alien Detainee | | ☐ 950 Constitutionality of |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | State Statutes |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Action for wrongful termination, due process and speech violations, discrimination and retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE
"NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND     ☐ SAN JOSE     ☐ EUREKA

DATE
June 16, 2011

SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
#### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:      U.S. Civil Statute: 47 USC 553
                            Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Adams, Lauretta (San Francisco)

**From:** ECF-CAND@cand.uscourts.gov
**Sent:** Tuesday, June 21, 2011 12:05 PM
**To:** efiling@cand.uscourts.gov
**Subject:** Activity in Case 4:11-cv-02967-DMR Nelson v. County of Sonoma et al Notice of Removal

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

U.S. District Court
Northern District of California
**Notice of Electronic Filing or Other Case Activity**

NOTE: Please read this entire notice before calling the Help Desk. If you have questions, please email the Help Desk by replying to this message; include your question or comment along with the original text.

Please note that these Notices are sent for all cases in the system when any case activity occurs, regardless of whether the case is designated for e-filing or not, or whether the activity is the filing of an electronic document or not.

If there are **two** hyperlinks below, the first will lead to the docket and the second will lead to an e-filed document.
*If there is no second hyperlink, there is no electronic document available .*
See the FAQ posting 'I have a Notice of Electronic Filing that was e-mailed to me but there's no hyperlink...' on the ECF home page at https://ecf.cand.uscourts.gov for more information.

The following transaction was received from entered on 6/21/2011 12:05 PM and filed on 6/16/2011
**Case Name:** Nelson v. County of Sonoma et al
**Case Number:** 4:11-cv-02967-DMR
**Filer:** County of Sonoma
Julie Paik
**Document Number:** 1(No document attached)

**Docket Text:**
**NOTICE OF REMOVAL from Sonoma County Superior Court. Their case number is SCV 249627. (Filing fee $350 receipt number 34611061122). Filed byCounty of Sonoma, Julie Paik. (vlk, COURT STAFF) (Filed on 6/16/2011)**

**4:11-cv-02967-DMR Notice has been electronically mailed to:**

C. Christine Maloney     maloneyc@jacksonlewis.com, adamsl@jacksonlewis.com, SanFranciscoDocketing@JacksonLewis.com

Carmen Ruda     rudac@jacksonlewis.com, caseyd@jacksonlewis.com, sanfranciscodocketing@jacksonlewis.com

J. Wynne Herron     jwynneh@pacbell.net, norma@herron-herron.com

Laura Herron Weber     laura@herron-herron.com

**4:11-cv-02967-DMR Please see <u>General Order 45 Section IX C.2 and D</u>; Notice has NOT been electronically mailed to:**

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** COUNTY OF SONOMA, JULIE PAIK, and
*(AVISO AL DEMANDADO):* DOES 1 through 25, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

MAY - 6 2011

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:** THEODORE NELSON,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* |
|---|---|
| SONOMA SUPERIOR COURT<br>600 Administration Drive, Room 107J<br><br>Santa Rosa, CA 95403 | SCV - 249627 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. WYNNE HERRON, ESQ., SBN 71192        707-933-4430    707-933-4431
LAURA HERRON WEBER, ESQ., SBN 226934
HERRON & HERRON
Sonoma, California 95476

| DATE:<br>*(Fecha)* MAY - 6 2011 | JOSE O. GUILLEN Clerk, by Karina P. Royer | , Deputy<br>*(Adjunto)* |
|---|---|---|
| | *(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

RECEIVED

MAY 1 7 2011

BOARD OF SUPERVISORS
COUNTY OF SONOMA

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** COUNTY OF SONOMA, JULIE PAIK, and
*(AVISO AL DEMANDADO):* DOES 1 through 25, inclusive,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED

MAY - 6 2011

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

**YOU ARE BEING SUED BY PLAINTIFF:** THEODORE NELSON,
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SONOMA SUPERIOR COURT<br>600 Administration Drive, Room 107J<br><br>Santa Rosa, CA 95403 | CASE NUMBER:<br>*(Número del Caso):*<br>SCV - 249622 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
J. WYNNE HERRON, ESQ., SBN 71192           707-933-4430     707-933-4431
LAURA HERRON WEBER, ESQ., SBN 226934
HERRON & HERRON
Sonoma, California 95476

DATE:   MAY - 6 2011          JOSE O. GUILLEN Clerk, by        Karina P. Royer        , Deputy
*(Fecha):*                    *(Secretario)*                                          *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

1  J. WYNNE HERRON, ESQ., (State Bar No. 71192)
   LAURA HERRON WEBER, ESQ. (State Bar No. 226934)
2  HERRON & HERRON
   18360 Sonoma Highway
3  Sonoma, CA 95476
   Telephone: (707) 933-4430
4  Facsimile: (707) 933-4431
   E-Mail: laura@herron-herron.com
5
   Attorneys for Plaintiff(s), THEODORE NELSON
6

*ENDORSED FILED*

*MAY - 6 2011*

*SUPERIOR COURT OF CALIFORNIA*
*COUNTY OF SONOMA*

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SONOMA - UNLIMITED JURISDICTION

10

11  THEODORE NELSON,                         No. SCV - 249627

12              Plaintiff(s),                **COMPLAINT FOR WRONGFUL**
                                             **TERMINATION**
13  vs.

14  COUNTY OF SONOMA, JULIE PAIK, and
    DOES 1 through 25, inclusive,
15
                Defendant(s).
16

17          1.      Plaintiff Theodore Nelson (also known as Ted Nelson) is a competent

18  adult residing in Santa Rosa, California.

19          2.      Defendant County of Sonoma is a public entity, and political subdivision

20  of the State of California. Defendant County of Sonoma regularly employs more than five

21  employees and is therefore an employer within the meaning of the California Fair Employment

22  and Housing Act (FEHA) (Cal. Gov. Code §12900, et seq.)

23          3.      Defendant Julie Paik was employed by defendant County of Sonoma as

24  the Director of Child Support Services at the times described herein, and continues to be

25  employed in that position to this date.

26          4.      The true names and capacities, whether individual, corporate, or

27  otherwise, of defendants DOES 1 through 25, inclusive, are unknown to plaintiff, who thereof

28

1    sues such defendants by such fictitious names.   Plaintiff is informed and believes, and thereon

2    alleges, that each of the fictitiously named defendants is legally responsible in some actionable

3    manner for the occurrences herein alleged, and that plaintiff's damages herein alleged were

4    legally caused by such defendants.   Further, each reference to any defendant herein shall be

5    deemed referenced to the DOE defendants.

6            5.      At all relevant times, each defendant was the agent of each other defendant,

7    and each defendant was acting within the course, scope and authority of such agency.   At all

8    relevant times, each defendant authorized and ratified each of the actions of each other defendant.

9    At all relevant times, each defendant was the alter ego of each other defendant.

10                              **FACTUAL BACKGROUND**

11           6.      Plaintiff Ted Nelson began employment with defendant County of Sonoma

12   on September 4, 1979.   He began working in the Department of Child Support Services in

13   December 1996. His final position with defendant County of Sonoma was Administrative Services

14   Officer II.   Throughout his over 30 years of employment with defendant County of Sonoma,

15   plaintiff demonstrated excellent work performance and received favorable reviews from his

16   superiors.

17           7.      Defendant Julie Paik was hired by defendant County of Sonoma for the

18   position of Director of Child Support Services in July 2008, replacing her predecessor who had

19   retired.

20           8.      In the later part of 2008, plaintiff became aware of a new proposed cash

21   allowance system for the health care plan for all Sonoma County employees.   The plan was

22   purported to reduce future health care costs. However, plaintiff believed it would actually greatly

23   increase future health care costs to the detriment of the County, its taxpayers and employees.   The

24   plan would also provide a small increase in compensation for a small minority of County

25   employees, including defendant Julie Paik.

26           9.      Over the next several months, plaintiff wrote anonymously to several

27   members of the Board of Supervisors with his analysis of the negative financial impact the new

28   health care cash allowance would have for the County.   He further expressed his opinions with

Nelson v. County of Sonoma
Complaint for Wrongful Termination

1   many County employees, both in his department and outside his department, that the new plan

2   would cost the County millions of dollars more than it was currently spending on employee health

3   care, without any improvement in the health care plans provided to the employees.   However,

4   shortly thereafter, the plan was ultimately implemented by the Board of Supervisors.

5               10.      In December 2008, defendant Julie Paik accused plaintiff of "cheating" on

6   his time records when his wife had been treated for cancer two years earlier.   These accusations

7   were false, and defendant Paik had never asked plaintiff or anybody responsible for payroll within

8   the department to verify his time records for this period of time to determine if her accusations were

9   supported by the records.

10              11.      On or about February 24, 2009, defendant Paik had a meeting with plaintiff

11   and Section Manager Jennifer Trauman. In that meeting, defendant Paik accused plaintiff of having

12   a problem with his demeanor, and stated that staff had complained about him.   She would not name

13   any individuals who had complained, or any details of the alleged problematic conduct.   She then

14   stated that she "knew" plaintiff thought the healthcare cash allowance was stupid, but "you just need

15   to support Bob Deis." Bob Deis at that time was the County Administrator, and had proposed the

16   cash allowance to the Board of Directors.   In the meeting defendant Paik further falsely accused

17   plaintiff of failing in other job duties.

18              12.      On or about April 13, 2009, plaintiff was the only male at a manager's

19   meeting for his department.  The last item discussed at the meeting was improving the department's

20   rate of paternity testing. Defendant Paik was presenting on this topic, and made the statement that

21   "I decided the best way to get the paternity percentage up is to impregnate all the unwed women out

22   there."    After this remark, another female employee stated "We were hoping to recruit Ted

23   (plaintiff) with that."   Defendant Paik and other managers openly laughed at this comment, but

24   many others found it offensive.

25              13.      Plaintiff received a notice from Defendant Paik that he was placed on

26   administrative leave effective immediately on May 8, 2009.  The notice instructed him not to speak

27   to any other employees of defendant County of Sonoma.

28

Nelson v. County of Sonoma
                                                                Complaint for Wrongful Termination

14.     Plaintiff was interviewed on June 8, 2009 for several hours by Linda Daube, Esq., who had been hired by defendant County of Sonoma to investigate allegations of his misconduct. He was never informed of any of the reasons for his administrative leave, or what the subject of the interview would be before the interview. He was never provided a transcript of the interview, although one had been promised to him.

15.     While on administrative leave, plaintiff was instructed to attend several training meetings. He was further instructed that he was required to provide reports of the trainings to his employer. No other employees to his knowledge had ever been required to submit such reports after attending any training.

16.     Plaintiff was instructed to return to work on October 6, 2009. Upon his return to work, he was presented with a written reprimand, including many statements from interviews with his coworkers that did not identify the co-workers making the statements. He was further presented with a memorandum regarding several expectations for his return to work, which accused him of further misconduct. He was provided a new description of his job duties and organizational chart. The most significant change in his job duties was that he would no longer be the manager for the accounting group in the department, and his office would be changed to a much less desirable location. Before he returned to work, he had a meeting with defendant Paik, Jennifer Trauman, and a facilitator from a contracted consulting group. In that meeting, Ms. Trauman promised that plaintiff would remain responsible for the budget. Also in the meeting, plaintiff inquired about what procedures he should take if he experienced any retaliation. He was not provided any response other than he could contact his own attorney.

17.     Approximately two weeks after plaintiff returned to work, plaintiff was told by Ms. Trauman that he would no longer be working at all on the department's budget. In that same meeting, Ms. Trauman falsely accused plaintiff of poor job performance.

18.     Shortly thereafter, plaintiff was subjected to derogatory and offensive comments by a co-worker, which he reported to Ms. Trauman. Management took no action to investigate the incident, or take any disciplinary action against the employee.

19.    On October 28, 2009, plaintiff's stress caused by his employment environment increased to a point that required medical attention.  His physician determined on the following date that he was disabled from working.  Plaintiff continued as an employee on medical leave until October 4, 2010.  On that date, he retired from active service with defendant County of Sonoma.

## FIRST CAUSE OF ACTION
### [Violation of 42 USC Section 1983 – Right to Due Process]

20.    Plaintiff hereby incorporates paragraphs 1 through 19 as fully set forth herein.

21.    Defendants, and each of them, constructively discharged him with an extended campaign of harassment, including but not limited to placing him on an extended administrative leave, issuing him a written reprimand, diminishing his job duties, moving his office location, and failing to protect him from derogatory and offensive remarks by certain of his co-workers.  Each of these actions was taken without good cause and with the intention of creating working conditions that were so intolerable and aggravated that they would effectively terminate plaintiff's employment.  Such actions deprived plaintiff of the protections provided to him as a tenured employee of the County of Sonoma by the rules of its Civil Service Commission.  Those rules state, in part, that plaintiff could not be terminated except in limited circumstances where good cause existed for termination.  Plaintiff therefore had a fundamental property interest in his continued employment with the County of Sonoma, protected by the rules of its Civil Service Commission, which was deprived by defendants under color of state law by plaintiff's constructive termination, as described above.

22.    Plaintiff's constructive termination violated his right of due process protected by the Fourteenth Amendment to the United States Constitution. The acts and omissions alleged herein are indicative and representative of a repeated course of conduct by defendant County of Sonoma tantamount to a custom, policy or repeated practice of condoning the deprivation of employment to its employees without the due process afforded by its Civil

1    Service Commission.   This course of conduct demonstrates a disregard for the constitutional

2    rights of its employees.

3           23.    As a direct and proximate cause of defendants' acts and conduct, plaintiff

4    has suffered a loss of salary and other employment benefits, emotional distress, loss of dignity

5    and harm to his reputation, as well as other special damages caused by his loss of employment,

6    in an amount to be proven at trial.

7

8                            **SECOND CAUSE OF ACTION**

9           [Violation of 42 USC Section 1983 – Right to Free Speech]

10          24. .   Plaintiff hereby incorporates paragraphs 1 through 23 as though fully set

11    forth herein.

12          25.    Defendants, and each of them, retaliated against the plaintiff for stating his

13    opinion about the negative financial impact the new health care cash allowance would have on

14    the County, to the detriment of the taxpaying public and its employees.   Defendant Paik, acting

15    on behalf of her employer, County of Sonoma, used her position as Director of Child Support

16    Services under color of law to harass, intimidate, and ultimately constructively discharge

17    plaintiff.   These actions set forth above violated plaintiff's right to free speech protected under

18    the First Amendment to the United States Constitution by punishing him for his statements on an

19    issue of public concern.

           26.    The acts and omissions alleged herein are indicative and representative of

20    a repeated course of conduct by members of defendant County of Sonoma tantamount to a

21    custom, policy or repeated practice of condoning the abuse of its employees who exercise their

22    constitutional rights to free speech on issues of public concern.   This course of conduct

23    demonstrates a disregard for the constitutional rights of its employees.

24

25          27.    As a direct and proximate cause of defendants' acts and conduct, plaintiff

26    has suffered a suffered a loss of salary and other employment benefits, emotional distress, loss of

27

28

1  dignity and harm to his reputation, as well as other special damages caused by his loss of

2  employment, in an amount to be proven at trial.

3

4  ### THIRD CAUSE OF ACTION
   Gender Discrimination – Cal. Gov. Code section 12940

5      28.    Plaintiff hereby incorporates paragraphs 1 through 27 as though fully set

6  forth herein.

7      29.    Plaintiff filed a Complaint of Discrimination with the Department of Fair

8  Employment and Housing in September 2009, alleging unlawful conduct by his employer. Plaintiff

9  was issued a Right-To-Sue Notice for that Complaint on May 17, 2010. Plaintiff filed a further

10 Complaint of Discrimination alleging retaliation for filing his former complaint, and received a

11 Right-to Sue Notice for the second Complaint on May 12, 2010. Plaintiff has therefore exhausted

12 all administrative remedies and has timely brought this action.

13     30.    Throughout Julie Paik's tenure as plaintiff's manager, plaintiff was held to

14 higher standards for job performance, subjected to derogatory and offensive comments, falsely

15 accused of misconduct, subjected to disciplinary action, and harassed because of his gender, as

16 described above. The employer knowingly created these conditions which were so intolerable and

17 aggravated that they caused the termination of plaintiff's employment. Defendants, and each of

18 them, constructively discharged plaintiff because of his gender, in violation of California

19 Government Code §12940(a).

20     31.    As a legal result of defendants' violation of California Government Code

21 §12940, plaintiff has suffered a loss of salary and other employment benefits, emotional distress,

22 loss of dignity and harm to his reputation, as well as other special damages caused by his loss of

23 employment, in an amount to be proven at trial.

24 ### FOURTH CAUSE OF ACTION
   Retaliation – Cal. Gov. Code section 12940(h)

25     32.    Plaintiff hereby incorporates paragraphs 1 through 31 as though fully stated

26 herein.

27     33.    By the conduct described above, defendants, and each of them, retaliated

28 against plaintiff for filing his first Complaint of Discrimination with the Department of Fair

1   Employment and Housing, and constructively discharged him when he returned to work after his

2   administrative leave, in violation of California Government Code §12940(h).

3         34.     As a legal result of defendants' violation of California Government Code

4   §12945.2(l), plaintiff has suffered emotional distress, loss of salary and other employment

5   benefits, and other special damages caused by her loss of employment in an amount to be proven

6   at trial.

7         WHEREFORE, plaintiff prays for Judgment against defendants, as follows:

8         1.     For compensatory damages, including lost wages, past and future, and

9   employment benefits, as well as expenses incurred as a result of her loss of employment,

10  according to proof;

11        2.     For mental and emotional distress damages;

12        3.     For an award of interest, including prejudgment interest, at the legal rate;

13        4.     For an award of attorney's fees;

14        5.     For cost of suit incurred herein;

15        6.     For such other remedies that the Court may deem proper.

16

17  DATED: May 6, 2011          HERRON & HERRON

18

19                        By:

20                           J. WYNNE HERRON, ESQ.
                             Attorneys for Plaintiff(s),
                             THEODORE NELSON

21

22

23

24

25

26

27

28

- 8 -

| | (FOR COURT USE ONLY) |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>**CIVIL DIVISION**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878<br>(707) 521-6500<br>www.sonomasuperiorcourt.com | |

ENDORSED
FILED

MAY - 6 2011

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

| **NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,**<br>**NOTICE OF CASE MANAGEMENT CONFERENCE,**<br>**and ORDER TO SHOW CAUSE** | Case number:<br>249627 |
|---|---|

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. ___MARK TANSIL___ FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 2.111(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.
2. **EACH DEFENDANT MUST FILE A WRITTEN RESPONSE TO THE COMPLAINT AS REQUIRED BY THE SUMMONS.**
   A Case Management Conference has been set at the time and place indicated below:

| Date: 9-8-11 | Time: 9AM | Courtroom: 18 |
|---|---|---|
| Location: | 3055 Cleveland Ave.<br>Santa Rosa, CA 95403 | |

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.
4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 3.670(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 3.727.
5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 521-6883 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE
To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 3.110 and/or 3.725, you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name & Address*): | **FOR COURT USE ONLY** |
|---|---|
| Telephone No.:          FAX No.: | |
| ATTORNEY FOR (Name):          Bar No. | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 Administration Drive<br>Santa Rosa, CA 95403<br>Telephone: (707) 521-6500 | |
| PLAINTIFF(S)/PETITIONER(S): | |
| DEFENDANT(S)/RESPONDENT(S): | CASE NUMBER: |

### NOTICE OF SELECTION AS MEDIATOR IN COURT-CONNECTED MEDIATION
(Sonoma County Superior Court Local Rule 16)

**Name of Mediator Selected:** _____

**PLEASE TAKE NOTICE** that the above-referenced matter is subject to Sonoma County Superior Court Local Rule 16 (Rules Applicable to Alternative Dispute Resolution (ADR)). The parties have selected you to serve as the mediator in this matter. Sonoma County Superior Court has a voluntary, market rate mediation program. All mediations conducted in cases covered by Local Rule 16 are court-connected mediations and are subject to the provisions of California Rules of Court, Rules 3.850 et seq. It is your obligation to familiarize yourself with Local Rule 16 and California Rules of Court, Rules 3.850 et seq. before the mediation. **PLEASE NOTE:** you are required to have the parties complete an Attendance Sheet for Court-Program Mediation of Civil Case (Alternative Dispute Resolution) (Judicial Council form ADR-107) in accordance with California Rules of Court Rule 3.860. The form is available at the web site of the California Courts www.courtinfo.ca.gov.

In order to mediate this case, you must complete the acceptance below and sign it in the space provided. (See CRC 3.851 et. seq.) If you *are not* a member of the Sonoma County Superior Court Panel of Mediators, you must provide the completed Notice *with your original signature* to plaintiff (or to cross-complainant, if the Complaint has been dismissed), for filing and service as required by Local Rule 16.4. If *you are* a member of that Panel, you must file and serve copies as required by Local Rule 16.4, not less then five (5) days before commencement of the mediation.

If you are mediating a case referred to court-connected mediation, regardless of the date of the mediation, you are required to complete and return a Mediator's Questionnaire (Sonoma County Superior Court Local form CV-36) within five (5) days after completion or other termination of the mediation. The completed questionnaire should be sent to the ADR Program Coordinator at 1450 Guerneville Road, Bldg. G, Santa Rosa, CA 95403, or by fax to (707) 521-6756. The plaintiff should provide the Mediator's Questionnaire to you. The questionnaire is also available on the web site of the Sonoma County Superior Court www.sonomasuperiorcourt.com.

If you have any questions regarding your selection or service as a mediator in this matter or about the Sonoma County Superior Court ADR Program, please feel free to contact the ADR Program Coordinator at (707) 521-6511 or ADR@sonomacourt.org.

### MEDIATOR'S ACCEPTANCE

I, _____ hereby agree to mediate the above-captioned matter subject to
(print name)

the conditions stated in this notice.

Dated: _____    _____
(Mediator's Signature)

## Superior Court of California, County of Sonoma

# **NOTICE**

### DISCOVERY FACILITATOR PROGRAM

Effective January 1, 2008, the Sonoma County Superior Court promulgated Sonoma County Local Rule 4.14 which established the new Discovery Facilitator Program. Participation in the Discovery Facilitator Program shall be deemed to satisfy a party's obligation to meet and confer under Sonoma County Local Rule 5.5, and applicable provisions of the Code of Civil Procedure and California Rules of Court. This program has been providing assistance in resolving discovery disputes and reducing the backlog of matters on the law and motion calendars in our various civil law departments. The Discovery Facilitator Program is available to all litigants, whether or not a discovery motion has been filed. All attorneys and parties are encouraged by the Sonoma County Superior Court to participate in the program before a motion is filed. In the event a discovery motion is filed, the Sonoma County Superior Court again encourages all attorneys and parties to utilize the Discovery Facilitator Program in order to help resolve or reduce the issues in dispute.

There is a link to Local Rule 4.14 and the list of discovery facilitator volunteers on the official website of the Sonoma County Superior Court at www.sonomasuperiorcourt.com.    On the Sonoma County Superior Court home page, under the "AVAILABLE PROGRAMS & HELP" section, click on »Discovery Facilitator Program. You can then click on either "Local Rule 4.14" to obtain the language of the new local rule, or "List of Facilitators" for a list of the volunteer discovery facilitators and accompanying contact and biographical information.

### VOLUNTARY E-SERVICE

The Sonoma County Superior Court and the Sonoma County Bar Association have joined to bring voluntary e-service to Sonoma County.* The Court has pre-approved a Stipulation to submit for cases in which the attorneys or parties would like to use e-service. A copy is available on the Sonoma County Bar Association's website at www.sonomacountybar.org. Follow the link on the home page under the heading "Voluntary E-Service" to access the Stipulation form. Once the Stipulation is completed and signed and a service provider is selected, the Stipulation can be filed with the Court and participants can begin E-serving.

The advantages to E-service are the following:

- *Increased efficiency*
- *Speed of delivery*
- *Verified proof of delivery*
- *Reduced costs*
- *Searchable online repository*
- *Decreased negative impact to the environment*

**\*Note:** Documents will still have to be filed with the Court in accordance with applicable provisions of the Code of Civil Procedure, California Rules of Court and Local Rules.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| ADR INFORMATION SHEET<br>[Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one):   ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000)   ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:
   "The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date.". (Local Rule 16.1.)
   Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.
   Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

   The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.
   ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.
   Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

   **A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)

☒ Mediation ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference ☐ Summary Jury Trial

☐ Other _____ ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____    _____
                                                              Signature of Party

Date: _____    _____
                                                              Signature of Party

Date: _____    _____
                                                        Signature of Attorney for Party
                                ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION | CASE NUMBER: |
|---|---|
| (Check one):  ☐  **UNLIMITED CASE** (Amount demanded exceeds $25,000)  ☐  **LIMITED CASE** (Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation  ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration  ☐ Private Settlement Conference
☐ Early Neutral Evaluation  ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual): _____

Provider's Address: _____

Provider's Telephone: _____  Fax: _____  E-mail address: _____
☐ No agreement
The ADR process will be conducted on (date): _____
☐ No agreement

☐  The parties have reached agreement as to the payment of fees of ADR provider.
☐  The parties have not reached agreement as to the payment of fees of ADR provider.

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or party without attorney (Sign in blue ink)

Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

**(Date and Sign)** Attorney or party without attorney (Sign in blue ink)

☐  Additional signatures are attached

STIPULATION AND ORDER REFERRING MATTER TO ADR                    SCR Rules 16 & 22

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## ORDER

### A REVIEW HEARING IS SCHEDULED AS FOLLOWS:

_____        _____
        Date                                    Time

All parties must appear at the Review Hearing. In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped and no one should appear. You must check the phone message at _____ or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

***THE FIRST ATTORNEY OR PARTY LISTED MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.***

_____        _____
        Date                          JUDGE OF THE SUPERIOR COURT

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                       Time:                  Dept.:              Div.:              Room:

Address of court *(if different from the address above):*

☐ **Notice of Intent to Appear by Telephone, by *(name):***

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Legal
Solutions
Plus

Cal. Rules of Court,
rules 3.720–3.730

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
  (1)  ☐  Mediation
  (2)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
  (3)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
  (4)  ☐  Binding judicial arbitration
  (5)  ☐  Binding private arbitration
  (6)  ☐  Neutral case evaluation
  (7)  ☐  Other *(specify)*:

  e.  ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
  f.  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
  g.  ☐  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**
  ☐  The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**
  a.  ☐  Insurance carrier, if any, for party filing this statement *(name)*:
  b.  Reservation of rights:   ☐ Yes   ☐ No
  c.  ☐  Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**
  Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
  ☐ Bankruptcy    ☐ Other *(specify)*:
  Status:

**14. Related cases, consolidation, and coordination**
  a.  ☐  There are companion, underlying, or related cases.
    (1)  Name of case:
    (2)  Name of court:
    (3)  Case number:
    (4)  Status:
    ☐  Additional cases are described in Attachment 14a.
  b.  ☐  A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**15. Bifurcation**
  ☐  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**
  ☐  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

        Party                        Description                       Date

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21.** Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

▶

_____        _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

▶

_____        _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY)

                          ☐ Additional signatures are attached.

# EXHIBIT B

1   C. Christine Maloney (SBN 226575)
    Carmen Ruda (SBN 269879)

2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor

3   San Francisco, California  94105
    Telephone:  (415) 394-9400

4   Facsimile:  (415) 394-9401
    E-mail:  maloneyc@jacksonlewis.com

5   E-mail:  rudac@jacksonlewis.com

6   Attorneys for Defendants
    COUNTY OF SONOMA and JULIE PAIK

7

ENDORSED
FILED
(No Fee – Government Code 6103)

JUN 15 2011

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                            COUNTY OF SONOMA

10

11  THEODORE NELSON,                    Case No. SCV 249627

12          Plaintiff,                   **DEFENDANTS' ANSWER TO
                                         COMPLAINT FOR WRONGFUL**
13       v.                             **TERMINATION**

14  COUNTY OF SONOMA, JULIE PAIK, and
    DOES 1 through 25, inclusive,        Complaint Filed: May 6, 2011

15
            Defendants.
16

17

18          DEFENDANTS COUNTY OF SONOMA and JULIE PAIK ("Defendants") answer the

19  allegations in Plaintiff THEODORE NELSON's ("Plaintiff") Complaint for Wrongful

20  Termination as follows:

                              **GENERAL DENIAL**
21

22          Pursuant to Code of Civil Procedure section 431.30(d), Defendants deny generally and

23  specifically each and every allegation contained in Plaintiff's Complaint.  Defendants further

24  deny generally and specifically that Plaintiff incurred any injury or damages whatsoever as a

25  result of Defendants' alleged conduct.

                           **AFFIRMATIVE DEFENSES**
26

27          As separate and distinct affirmative defenses to Plaintiff's Complaint and the alleged

28  causes of action, Defendants allege as follows:

BY FAX

1

## FIRST AFFIRMATIVE DEFENSE

2     Plaintiff's First and Second Causes of Action are barred because Plaintiff failed to timely

3     exhaust his administrative remedies under the County of Sonoma's civil service rules.

4     ## SECOND AFFIRMATIVE DEFENSE

5     Plaintiff's Second Cause of Action is barred because Defendants would have taken the

6     same action even in the absence of any alleged protected conduct.

7     ## THIRD AFFIRMATIVE DEFENSE

8     In answer to Plaintiff's First and Second Causes of Action, Defendant Paik acted in good

9     faith at all times and is accordingly entitled to qualified immunity.

10    ## FOURTH AFFIRMATIVE DEFENSE

11    Plaintiff's Complaint as a whole, and each purported Cause of Action alleged therein, is

12    barred in whole or in part by the applicable statute of limitations including, without limitation,

13    those set forth in Government Code §12960 and California Code of Civil Procedure §335.1.

14    ## FIFTH AFFIRMATIVE DEFENSE

15    Plaintiff's Third and Fourth Causes of Action are barred in whole or part because Plaintiff

16    failed to exhaust his administrative remedies set forth in Government Code §12960 as to each of

17    the claimed employment actions.

18    ## SIXTH AFFIRMATIVE DEFENSE

19    Defendants acted in good faith and without malice at all times and took the actions they

20    did for legitimate non-discriminatory and non-retaliatory reasons.

21    ## SEVENTH AFFIRMATIVE DEFENSE

22    Plaintiff's Third and Fourth Causes of Action are barred in whole or part under the

23    avoidable consequences doctrine.   Defendants took reasonable steps to prevent and correct

24    workplace discrimination and harassment, and Plaintiff unreasonably failed to utilize the

25    available preventive and corrective measures, and reasonable use of such preventive and

26    corrective measures would have prevented at least some of the harm Plaintiff allegedly suffered.

27    ## EIGHTH AFFIRMATIVE DEFENSE

28    Plaintiff is barred from recovering any damages or the amount of any damages must be

1   reduced to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged

2   damages.

3                                          **PRAYER**

4           WHEREFORE, Defendants pray for judgment as follows:

5       1.      That Plaintiff take nothing by his Complaint;

6       2.      That the Complaint be dismissed in its entirety with prejudice;

7       3.      For costs of suit incurred herein, including reasonable attorneys' fees; and

8       4.      For such other and further relief as the Court deems just and proper.

9   Dated:  June 15, 2011                              JACKSON LEWIS LLP

10

11

12                                          By: _____
                                                C. Christine Maloney
13                                              Carmen Ruda
                                                Attorneys for Defendants
14                                              COUNTY OF SONOMA and JULIE PAIK

15   4822-0195-4825, v. 1

16

17

18

19

20

21

22

23

24

25

26

27

28

---

                                              3

## PROOF OF SERVICE

I, David T. Casey, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On June 15, 2011, I served the attached: **DEFENDANTS' ANSWER TO COMPLAINT FOR WRONGFUL TERMINATION** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope, addressed as follows:

J. Wynne Herron, Esq.
Laura Herron Weber, Esq.           ***Counsel for Plaintiff***
Herron & Herron
18360 Sonoma Highway
Sonoma, CA  95476
Tel: (707) 933 4430
Fax: (707) 933 4431
laura@herron-herron.com

☒   BY MAIL:  United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  [☒ *Courtesy copy by fax.*]

☐   BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above address.

☐   BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

☐   BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

☐   BY ELECTRONIC TRANSMISSION:  I caused such document(s) to be electronically transmitted to the above email address.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 15, 2011, at San Francisco, California.

David T. Casey

4822-0195-4825, v. 1